# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff-Respondent,**

    v.                                  **2255 Case No. 15-C-576**
                                        **Criminal Case No. 00-CR-247**

**MARIO RIVERA,**
        **Defendant-Petitioner.**

## DECISION AND ORDER

Defendant Mario Rivera has filed a request for early termination of supervised release, 18 U.S.C. § 3583(e)(1), and a related motion to vacate his sentence, 28 U.S.C. § 2255. I deny both motions.

## I. BACKGROUND

On May 22, 2001, I sentenced defendant to 241 months in prison, 5 years' supervised release, and $52,593.38 restitution on robbery and firearm charges. I later reduced the prison term to 156 months. The Bureau of Prisons released defendant on March 2, 2012.

On November 18, 2014, I issued a notice to appear for a revocation hearing based on defendant's alleged violations of his supervised release conditions. At the December 22, 2014, hearing, defendant admitted the violations, including traffic citations, failure to consistently make restitution payments in 2012 and 2013,[1] opening new lines of credit without permission, submission of an inaccurate financial statement, and failing to report as required. Given defendant's otherwise positive adjustment, including steady employment, negative drug

---

[1] I entered garnishment orders in 2013.

screens, and avoidance of new criminal conduct, the probation officer recommended that rather than revoking I modify defendant's conditions to require a period of location monitoring. Without objection, I followed that recommendation. Defendant raised the issue of early termination of his supervised release, but I indicated that should be addressed later via separate motion.

On April 3, 2015, defendant filed a written request for early termination, indicating that while on supervision he maintained employment, working with at risk youth at an alternative school; enrolled in college studying human services, expecting to graduate later this year; operated his own small business cleaning gutters; and volunteered at a hospice. He further indicated that he had avoided issues with the law (aside from the traffic tickets), tested negative, made regular restitution payments, and supported his two children. He stated that he wanted to advance in his career field, but being on supervision prevented him from applying for and obtaining jobs he wanted.

On April 28, 2015, the government filed a response opposing the request. I permitted defendant to reply, and on May 12, 2015, rather than a reply he filed a motion under 28 U.S.C. § 2255 to vacate his sentence. In that motion, defendant sought early termination of supervised release on the same grounds as his previous request.

## II. 2255 MOTION

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

2

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013), cert. denied, 134 S. Ct. 2830 (2014). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of a § 2255 motion, dismissing the motion if it plainly appears that the movant is not entitled to relief.

Defendant makes no claim that his supervised release sentence is unconstitutional or otherwise unlawful. Instead, he contends that I should exercise my discretion to terminate supervision early based on his good conduct and in order to enhance his employment prospects. These contentions are properly addressed under 18 U.S.C. § 3583(e)(1). I will therefore deny the § 2255 motion under Rule 4(b) and dismiss Case No. 15-C-576.

### III. 3583 MOTION

The district court may grant early termination of supervised release if: (1) the defendant has completed at least one year of supervision; (2) the government has been given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(1); United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998). Defendant has served more than one year of supervision, and the government has responded to his request. The issue is thus whether termination would be in the interest of justice.

The district court has wide discretion in making this determination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). Nevertheless, courts have generally required more than mere compliance with the conditions of release; if simply following the rules were enough, any defendant who avoided revocation could obtain early termination. E.g., United States v. Claybrooks, No. 07-CR-123, 2015 U.S. Dist. LEXIS 26985, at *4 (E.D. Wis. Mar. 5, 2015).

3

Courts have granted early termination where the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, the defendant's behavior has been exceptionally good, or continued supervision would impede the defendant's rehabilitation. Id. The defendant bears the burden of demonstrating that early termination is warranted. Id.

Defendant fails to make the necessary showing here. While he has generally done well on supervision – his work, educational endeavors, and volunteer work are laudable – his conduct has not been exceptional, as evidenced by the violations he admitted at the December 22, 2014 hearing. Defendant also claims that supervision impedes his employment, but he provides no specifics or evidence in support of this claim.[2] See, e.g., United States v. Perkins, No. 05-CR-95, 2014 U.S. Dist. LEXIS 40675, at *4 (E.D. Wis. Mar. 21, 2014) (denying early termination where the defendant claimed supervision would cause him to fail background checks but presented no evidence). Finally, continuing supervision is appropriate to ensure that defendant pays restitution, see 18 U.S.C. § 3553(a)(7), and to enable the probation office to monitor his finances for this purpose, see 18 U.S.C. § 3553(a)(1). Defendant's provision of complete and accurate financial information has been an ongoing concern during the supervision term. For these reasons, the motion for early termination will be denied.

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for early termination (R. 74) in Case No. 00-CR-247 is **DENIED**.

---

[2]In the § 2255 motion, defendant indicated that the jobs he will be applying for after graduation in December require that he not be on federal supervision. However, he identifies no such jobs and presents no evidence that supervision will preclude his hire.

4

**IT IS FURTHER ORDERED** that defendant's § 2255 motion (R. 1) is **DENIED**, and Case No. 15-C-576 is **DISMISSED**. The Clerk is directed to enter judgment accordingly. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a demonstration that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Narvaez v. United States, 674 F.3d 621, 626 (7th Cir. 2011). For the reasons stated above, defendant cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge